[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, owners of property at 239 Smith Hill Road, Winchester, brought this action against defendants seeking damages for cutting down trees on the plaintiffs' property, for trespass, and for an injunction against future trespass, as well treble damages under Conn. Gen. Stat.52-560. Defendants denied the allegations of plaintiffs' complaint and asserted special defenses, including mistake and implied license.
The evidence at trial proved that plaintiff owned the property on which the seven trees, six Colorado spruce and one Hemlock, were located when the defendants cut them down in 1985. Mr. Beach testified that Mr. Goulet, who moved into the house next door in the fall of 1984, told him in the spring of 1985 that he was going to cut the trees and he took Goulet's word that the survey showed the trees to be on Goulet's property although he always felt that the trees were on his property. It was not until the plaintiffs had their own survey done that his own CT Page 6042 feelings about the ownership of the trees was confirmed.
After trial, the court is satisfied that the defendants were guilty through mistake and believed, because of their own survey (Defendants Exhibit 1) and Mr. Goulet's measurements from the corner of his house and the stone wall, that the trees were on his property. Plaintiffs are thus entitled to judgment for no more than the reasonable value of the trees cut. Conn. Gen. Stat. 52-560.
Plaintiffs' expert testified credibly that removal of the trees diminished the value of plaintiffs' real estate because of the loss of privacy occasioned by the removal of the trees. See Plaintiffs' complaint, paragraph 3. Arthur Oles, an experienced real estate appraiser, testified that the property was worth $350,000 before removal of the trees which offered significant screening between plaintiffs' house and that of the defendants. In his opinion, the market value of plaintiffs property was diminished $7,000 by the loss of the trees and resultant loss of privacy. The existence of screening and the privacy afforded by the trees contributed about 2% of the total market value in Oles' opinion. Plaintiffs also offered the testimony of Orrin E. Jones, Jr. on the market value of the cut trees. He valued the trees at $12,526. That value took into account the fact that one of the spruces was dwarfed and two were suppressed, the condition of the other trees, the species of the trees and their location. Given the relative disparities in these two different measures of damages in relation to the market value of this property, the court finds diminution in market value the more appropriate measure.
The only acts of trespass plaintiff has proved are occasional intrusions onto their property by Mr. Goulet when he mows his lawn. Since the boundary is marked with stakes, Mr. Goulet's riding mower may, on occasion, have a rear wheel over the line as he mows on a line parallel to the fence plaintiffs erected with chicken wire. (See Plaintiffs' Exhibit 10) However, plaintiff has not proved that this happened with any degree of frequency. Plaintiff has not proved that defendants were responsible for cutting brush on his property.
Defendants have proved that they ceased putting leaves and other debris on plaintiffs property after he rescinded his prior permission to do so. Now that the boundaries are marked clearly and defendants are aware of plaintiffs' hostility, the court has no reason to believe j that there will be further incidents of trespass. For those in the past, plaintiff is entitled to nominal damages.
Plaintiffs may take judgment for $7,001, plus costs.
SUSCO, J.